J-S61039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD EUGENE TOKARCIK, JR., | : | |
| | : | No. 797 WDA 2014 |
| Appellant | : | |

Appeal from the PCRA Order Entered April 12, 2013,
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000081-2010,
CP-33-CR-0000083-2010, CP-33-CR-0000217-2010,
CP-33-CR-0000218-2010, CP-33-CR-0000219-2010,
and CP-33-CR-0000220-2010

BEFORE:    FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED OCTOBER 8, 2014**

Richard Eugene Tokarcik, Jr. (Appellant) appeals *pro se* from the April

12, 2013 order denying his petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

The lengthy and tortuous history of this case was summarized as

follows by a prior panel of this Court:

> … Between December 21, 2009 and March 22, 2010, Appellant
> was charged in six different criminal complaints with multiple
> counts of burglary, access device fraud (ADF) and related
> offenses, stemming from incidents occurring at a number of
> locations from August 22, 2008 to November 26, 2009.
> Appellant was represented in each case by Thomas P. Morris,
> Esquire.  On February 28, 2011, Appellant filed an omnibus
> pretrial motion.  The trial court conducted a hearing on the
> omnibus pretrial motion on March 7, 2011.  At the conclusion of
> the hearing, the trial court denied all of Appellant's requested

*Retired Senior Judge assigned to the Superior Court.

relief and granted the Commonwealth's oral motion to consolidate Appellant's cases.

Later that day Appellant and the Commonwealth appeared before the trial court for the purpose of entering a guilty plea pursuant to a negotiated written plea agreement, which included a recommended sentence. Appellant pled guilty to ten counts of burglary, each graded as a second-degree felony, and two counts of ADF, each graded as a third-degree felony. The trial court then indicated that it accepted the plea agreement, including the sentencing recommendation. Next, Appellant waived the necessity of a presentence report and the trial court proceeded immediately to sentence Appellant.

Purporting to follow the recommended sentence, the trial court sentenced Appellant to a term of incarceration of five to ten years on the first burglary count, subject to RRRI minimum of 50 months, to run concurrently with Appellant's prior sentence from Clearfield County. For each of the other nine burglary counts, the trial court imposed a term of probation of ten years consecutive to the first count and "**consecutive with one another**." For each of the ADF counts the trial court imposed a term of probation of one year consecutive to the burglary counts and concurrent with each other. Accordingly, Appellant's aggregate sentence was five to ten years' incarceration, with RRRI eligible 50 months' minimum, followed by 91 years' probation.

On March 14, 2011, and March 18, 2011, Appellant filed *pro se* motions to withdraw his guilty plea. Therein Appellant alleged several instances of counsel's ineffectiveness, including a failure "to explain the terms of the plea agreement." The trial court denied both *pro se* motions on March 18, 2011. Appellant filed no counseled post-sentence motion or notice of appeal.

On April 21, 2011, Appellant filed a *pro se* "Writ of *Habeas Corpus*," which the trial court denied by order filed April 25, 2011. On May 9, 2011 Appellant filed a *pro se* PCRA petition alleging, *inter alia*, that his guilty plea was not entered knowingly, intelligently and voluntarily, and that plea counsel was ineffective when advising him about the plea. The PCRA court appointed counsel on May 23, 2011. On September 1,

2011, PCRA counsel filed a petition to withdraw with accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. That same day, citing PCRA counsel's no-merit letter and its own independent review, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the PCRA court's notice. The PCRA court dismissed Appellant's PCRA petition on September 21, 2011. The PCRA court did not rule on PCRA counsel's petition to withdraw. Subsequently, PCRA counsel filed a motion to withdraw appearance, averring "[t]here is no appeal or other post-sentencing proceedings pending before the [PCRA court] …" The PCRA court granted PCRA counsel's motion to withdraw the next day. On October 20, 2011, Appellant filed a timely *pro se* notice of appeal.

**Commonwealth v. Tokarcik**, 60 A.3d 571, (Pa. Super. 2012) (unpublished memorandum at 1-6) (internal citations and footnotes omitted; emphasis in original).

On appeal, a panel of this Court concluded that "Appellant's claim of ineffective assistance of counsel resulting in the entry of an involuntary and unknowing guilty plea is not frivolous." **Id**. (unpublished memorandum at 18). Specifically, this Court was concerned about the 91-year probationary tail based upon a handwritten note on Appellant's written plea colloquy, which stated as follows.

In exchange for a plea of guilty to 10 counts of burglary [Appellant] will receive a sentence of 5-10 years on one count followed by 90 years probation on other 9 counts. Sentence to be concurrent. Together with fine & costs & restitution. ADF - 2 counts - 1 year probation each consecutive to burglary but concurrent to one another. Sentences to run concurrent with Clearfield County sentence.

Plea Agreement, 3/7/2011. This Court concluded this paragraph is "ambiguous" because "one reasonable interpretation is that the nine probationary sentences for the remaining burglary counts would run concurrently with one another." ***Tokarcik***, (unpublished memorandum at 13). Moreover, upon review of the oral plea colloquy, this Court concluded that "it is apparent that the trial court did not specifically ascertain whether Appellant understood the terms of his plea agreement." ***Id***. (unpublished memorandum at 16). Thus, this Court vacated the September 21, 2011 order and remanded the case for a hearing, as well as new counsel to represent Appellant on remand.

On August 21, 2012, the PCRA court appointed Joseph D. Ryan, Esquire to represent Appellant, and a PCRA hearing occurred on March 1, 2013. On April 12, 2013, the PCRA court issued an opinion and order denying Appellant's PCRA petition. On May 8, 2013, Attorney Ryan filed a petition for leave to withdraw as counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1] On May 29, 2013, Appellant filed a letter with the PCRA court indicating his desire to pursue an appeal, and also requested that counsel be permitted to withdraw.

---

[1] We observe that the proper procedure for counsel to withdraw in a PCRA proceeding is set forth in ***Turner***/***Finley***.

On appeal, a panel of this Court quashed Appellant's appeal because it was not filed within 30 days of the April 12, 2013 order denying Appellant's PCRA petition. *Commonwealth v. Tokarcik*, 920 WDA 2013 (Pa. Super. filed April 9, 2014) (unpublished memorandum). However, this Court also observed that Appellant may qualify for reinstatement of his appeal *nunc pro tunc* as PCRA counsel may have been ineffective in failing to preserve Appellant's appellate rights. Specifically, this Court cited to *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). In *Bennett*, our Supreme Court held "that when a petitioner claims he was abandoned on appeal by former counsel, he may successfully invoke section 9545(b)(1)(ii) if he can establish that the facts upon which his claim is predicated were unknown to him and could not have been discovered through the exercise of due diligence." *Commonwealth v. Watts*, 23 A.3d 980, 984 (Pa. 2011). *See Tokarcik*, 920 WDA 2013 (Pa. Super. filed April 9, 2014) (unpublished memorandum at fn. 5).

On April 17, 2014, Appellant filed *pro se* a PCRA petition alleging the ineffective assistance of counsel for abandoning him on appeal pursuant to *Bennett*. On April 21, 2014, the PCRA court entered an order appointing Attorney Fred Hummel on Appellant's behalf and permitting an appeal to be filed within 30 days. On May 5, 2014, Appellant timely filed a *pro se* appeal. Counsel filed an amended notice of appeal on May 22, 2014. The PCRA

court ordered a concise statement, and Appellant filed a *pro se* concise statement, as well as a motion for withdrawal of counsel and permission to proceed *pro se*. On June 17, 2014, the PCRA court held a hearing pursuant *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1986), and concluded that it was Appellant's wish to proceed *pro se*. Thus, appointed counsel was permitted to withdraw.

On appeal, Appellant sets forth three questions for our review.

1) Was [*sic*] the terms of the plea agreement, as written, ambiguous relative to it's [*sic*] understanding, and in so shall be constued [*sic*] against the government?

2) Was counsel ineffective during plea/sentencing proceedings, which caused [A]ppellant to be sentenced to a set of terms unrelated to the negotiated plea agreement?

3) Was it judicial error when the [t]rial [c]ourt unilaterally altered the terms of the negotiated plea agreement, which it previously accepted? Terminally, did the [t]rial [t]ourt exceed it's [*sic*] authority by failing to sentence [Appellant] in accordance with the terms of the negotiated plea agreement?

Appellant's Brief at 5 (suggested answers omitted).[2]

Our standard and scope of review for the denial of a PCRA petition is well-settled. [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

---

[2] The Commonwealth has not filed a brief in this appeal.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1018-19 (Pa. Super. 2014) (internal quotation and citation omitted).

Initially, we observe that, on remand, the prior panel of this Court provided Appellant the opportunity "to prove his allegations at a hearing where the PCRA court can consider the totality of the circumstances to determine whether plea counsel provided effective assistance to Appellant in the entry of his plea, whether the plea agreement was properly interpreted, [and] whether Appellant understood the plea agreement[.]" *Tokarcik*, 60 A.3d 571, (Pa. Super. 2012) (unpublished memorandum at 18).

On appeal, Appellant sets forth numerous arguments, many of which re-argue the conclusions this Court already reached in Appellant's prior appeal: that the written colloquy was ambiguous (Appellant's Brief at 16) and that the oral colloquy was ambiguous (Appellant's Brief at 19). However, it was Appellant's burden to prove that counsel misadvised Appellant or that Appellant's subjective understanding of the plea agreement, as explained by counsel, was different from the sentence he received. As such, we set forth our well-settled standards when reviewing plea counsel's effectiveness.

> To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The petitioner must demonstrate: (1) the

underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Moreover, [t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1191-92 (Pa. Super. 2010) (internal quotations and citations omitted).

After considering the testimony presented at the hearing, the PCRA court concluded the following.

> In order to rule in [Appellant's] favor, the [PCRA court] would have to assume that [Appellant's] failure to recall the events of March 7, 2011 equated with [Attorney] Morris's failure to explain how the plea agreement had changed since the prior month,[3] because [Appellant's] testimony was simply that he did not remember the substance of their conversations that day. Based on this testimony alone, therefore, the [PCRA court] could at best find it equally likely that [Attorney] Morris did and did not fulfill his duty to [Appellant]. [Appellant] had to prove, though, that he more likely did not. Having failed to do so, he would have failed to sustain his burden even had his testimony been the only evidence presented to the [PCRA court].

---

[3] On January 17, 2011, Attorney Morris wrote a letter to Appellant extending the Commonwealth's offer, which included 10 years' probation. Appellant ultimately rejected that offer in favor of having the trial court rule on pre-trial motions.

- 8 -

> The [PCRA court] had Attorney Morris's testimony, however, and does not doubt that he followed his standard procedure on the date in question.

PCRA Court Opinion, 4/12/2013, at 5 (footnote added).

The record supports the conclusions offered by the PCRA court. Appellant testified that he did not remember his discussions with Attorney Morris, and he does not remember having pled guilty. N.T., 3/1/2013, at 24. Appellant also testified that he did not recall agreeing to the 91 year probationary tail. *Id*. at 25-26. In fact, in Appellant's testimony, he answered "I don't recall" or "I don't remember" to the majority of questions posed. However, he also testified that he remembered "not reading" the plea agreement. *Id*. at 33. Furthermore, he did recall that he "received a sentence that [he] felt [he] didn't want." *Id*. at 34. He stated that his "mental stress" prevented him from objecting to the sentence. *Id*.

Attorney Morris also testified. He stated that he remembered very little about Appellant's case. With respect to discussing the 91-year probationary tail, Attorney Morris indicated that he did not remember discussing it, but he testified it was his custom to review plea agreements with his clients, and would have objected at sentencing if anything was amiss. *See id*., at 14-15.

Based on this testimony, it is clear that Appellant failed to meet his burden to show that counsel's performance was deficient. "[C]ounsel is

presumed effective, and [appellant] bears the burden of proving otherwise." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). Where, as here, Attorney Morris testified that he followed his normal procedure in discussing the terms of the plea agreement with Appellant, and Appellant has no memory of the events in question, it was not an error of law or abuse of discretion to find that Appellant has failed to meet his burden to establish counsel's ineffective assistance. Moreover, the written plea colloquy reflects the 90-year term of probation that was imposed. Accordingly, the PCRA court did not err in denying Appellant relief, and we affirm the order of the PCRA court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 10/8/2014